BENJAMIN B. WAGNER
United States Attorney
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2821
Facsimile: (916) 554-2900
Email: edward.olsen@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR THE PROTECTION AND PRESERVATION OF WAWONA, an unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>DONALD NEUBACHER, Superintendent of Yosemite National Park, a branch of the National Park Service, in his official capacity; CHRISTINE LEHNERTZ, Pacific West Regional Director of the National Park Service, in her official capacity; and the NATIONAL PARK SERVICE, an agency of the United States Department of the Interior,<br><br>Defendants. | CASE NO. 1:11-CV-01117-LJO-GSA<br><br>**DEFENDANTS'** ***EX PARTE*** **MOTION TO STAY THE BRIEFING SCHEDULE ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT AND [PROPOSED] ORDER** |

## I. INTRODUCTION

Citizens for the Protection and Preservation of Wawona ("Plaintiff") has filed an action alleging that the National Park Service approved the Central California Conference of Seventh-Day Adventists' ("Adventists") plan to redevelop Camp Wawona – a recreational camp located on a privately-owned parcel of land within the boundaries of Yosemite National Park – without compliance with the National Environmental Protection Act ("NEPA"), the Wild and Scenic Rivers Act ("WSRA"), the Wilderness Act, and the Endangered Species Act ("ESA").

The National Park Service withdrew its approval of the Adventists' proposed redevelopment of Camp Wawona on December 11, 2012. Declaration of Edward A. Olsen at Exhibit A. In light of this withdrawal, the action is now moot. Accordingly, defendants respectfully ask the Court to stay the briefing schedule on the parties' cross-motions for summary judgment (defendants' Opposition/Cross-Motion for Summary Judgment is due on December 21, 2012) and to set a briefing schedule on a motion to dismiss the action as moot that defendants intend to file forthwith.[1]

## II.  FACTS

Camp Wawona is a camp for children and adults owned and operated by the Central California Conference of Seventh-Day Adventists ("Adventists") in Mariposa County. Administrative Record ("AR") 1995. The camp provides recreational and educational opportunities for the church and a variety of other organizations, some of which serve physically challenged and developmentally disabled children. AR 1997. The camp is situated on a 30-acre parcel of privately-owned land in the Town of Wawona, which is wholly located within the boundaries Yosemite National Park. AR 1995. The Adventists have owned and operated the camp for more than 75 years, and they are interested in demolishing and replacing all of the buildings at the camp to better serve their constituency. *Id.*

Land use decisions concerning private property within the Town of Wawona are administered through a Memorandum of Understanding ("MOU") executed by Mariposa County ("County") and the National Park Service. AR 1995, 7377-7381. The MOU is implemented through the Wawona Town Planning Area Specific Plan ("Specific Plan") and gives concurrent jurisdiction to the Mariposa County Board of Supervisors and the Superintendent of Yosemite National Park. Supplemental Administrative Record ("SAR") 1096-1146. The Specific Plan provides that "no Amendment to this Plan shall be issued without the approval of the Superintendent." SAR 1127. The Specific Plan also provides that "no use permit shall be issued without the approval of the Superintendent, except upon successful appeal to the Wawona Appeal Board." SAR 1119.

---

[1] The undersigned emailed a copy of the National Park Service's withdrawal letter to plaintiff's counsel yesterday afternoon (December 13, 2012), but the undersigned has yet heard back from plaintiff's attorney regarding the undersigned's request that plaintiff's attorney stipulate to dismiss the action or, in the alternative, stipulate to stay the briefing schedule on the parties' cross-motions for summary judgment until the Court resolves a motion to dismiss as moot that defendants intend to file forthwith. See Declaration of Edward A. Olsen.

Under the Specific Plan, which was adopted by the County and Yosemite National Park in 1987, the camp is located in the "Mountain Residential District." AR 1995-96; SAR 1108. "Churches" are listed as a conditional use in the Mountain Residential District. SAR 1108. However, when the Adventists applied for a building permit from Mariposa County in 1991 to renovate a demolished camp building, the Mariposa County Planning Director determined that the term "churches" did include a "church camp." SAR 1045. This meant that the camp was a legally existing, nonconforming use under the Specific Plan and could not receive building permits or discretionary approvals without an amendment to the Specific Plan. *Id.*

The County issued an Environmental Impact Report ("EIR") for the Camp Wawona Redevelopment Project on October 26, 2006. AR 1944-2522.[2] On November 6, 2007, the County passed resolution no. 07-523, which certified the final EIR. AR 7256-7327. The County then passed resolution no. 07-524, which amended the Specific Plan to add "Organizational Recreation Camps" to the list of conditional uses allowed in the Mountain Residential District. AR 7328-7338. This made it possible for Camp Wawona to receive a conditional use permit for its redevelopment. *Id.* The County also passed resolution no. 07-525, which approved issuance of a conditional use permit for the redevelopment of the camp. SAR 1045-1095. The County finally passed ordinance no. 1041, which caused the amendment and the conditional use permit to take effect 30 days later. AR 7253-7255. Thereafter, in accordance with the Specific Plan, the Superintendent of Yosemite National Park approved both the amendment of the Specific Plan and the granting of the conditional use permit in letters dated October 22, 2007, and January 10, 2008. AR 2; 7250-7251.

Plaintiff filed this action on July 1, 2011, alleging that National Park Service approved the Camp Wawona Redevelopment Project without compliance with NEPA, the WSRA, the Wilderness Act, and the ESA.[3] Docket No. 1. Defendants have filed a Certified Administrative Record and

---

[2]The EIR stated that because the Camp Wawona Redevelopment Project did not involve discretionary actions on federal lands, the requirements of NEPA and consistency with Yosemite National Park plans were not relevant. AR 1996.

[3]Plaintiff first sued the Seventh-Day Adventists and Mariposa County in Mariposa Superior Court, alleging violations of the California Environmental Quality Act (Pub. Resources Code § 21000 et seq.) and the Planning and Zoning Law (Gov. Code § 65000 et seq.) and seeking a writ of mandate to

plaintiff has filed a motion for summary judgment. Docket No. 22. Defendants' Opposition/Cross-Motion for Summary Judgment is due on December 21, 2012; plaintiff's Reply/Opposition is due February 8, 2013; defendants' Reply is due on March 8, 2013; and the hearing on the parties' cross-motions for summary judgment is scheduled on April 5, 2013, at 8:30 a.m.

### III.  DISCUSSION

On December 11, 2012, the National Park Service withdrew its approvals of the Camp Wawona Redevelopment Project. Specifically, it withdrew its approval of the amendment to the Specific Plan (adding "organizational recreation camps" to the list of conditional uses permitted in the Mountain Residential District) and its approval of the granting of the conditional use permit (which allowed the Camp Wawona Redevelopment Project to proceed). Declaration of Edward A. Olsen at Exhibit A. The National Park Service's withdrawal letter advised the County that it "has now determined that additional NEPA review of the Project is appropriate." *Id.* The letter also states:

> We have contacted representatives of the Church and advised them that they will need to work with the park's compliance office to complete appropriate NEPA documentation for NPS review and approval. In the meantime, we have advised the Church that no further site work on the Project can occur. As we move forward, we will keep County planning staff advised of our progress on NEPA documentation.

*Id.*

In light of the National Park Service's withdrawal of its approval of the Camp Wawona Redevelopment Project, defendants believe this action is moot. Accordingly, defendants respectfully ask the Court to stay the briefing schedule on the parties' cross-motions for summary judgment and to issue a briefing schedule on a motion to dismiss as moot that defendants intend to file forthwith. *See Northwest Envt'l Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (stating that a case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam).

### IV.  CONCLUSION

For the reasons set forth above, defendants respectfully ask the Court to stay the briefing

---

reverse the county's approvals. The superior court denied the writ and the California Court of Appeal affirmed. *See Citizens for the Protection and Preservation of Wawona v. Mariposa County Bd. Of Supervisors*, 2010 WL 2685318 (Cal. Ct. App. July 8, 2010).

EX PARTE MOTION TO STAY THE BRIEFING SCHEDULE

4

schedule on the parties' cross-motions for summary judgment (defendants' Opposition/Cross-Motion for Summary Judgment is due on December 21, 2012) and to set a briefing schedule on a motion to dismiss the action as moot that defendants intend to file forthwith.

Dated:   December 14, 2012

BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

*/s/ Edward A. Olsen*
EDWARD A. OLSEN
Assistant United States Attorney

## [PROPOSED] ORDER

Based on defendants' ex parte motion to stay the briefing schedule on the parties' cross-motions for summary judgment and the attached declaration,

**IT IS HEREBY ORDERED** that the briefing schedule on the parties' cross-motions for summary judgment is hereby stayed and that the hearing on said motion is VACATED.

**IT IS HEREBY FURTHER ORDERED** that the following briefing schedule shall apply to the motion to dismiss as moot that defendants intend to file:

Defendants' motion to dismiss as moot shall be filed by:   January 18, 2013
Plaintiff's opposition, if any, shall be filed by:   February 1, 2013
Hearing:   February 22, 2013

Dated: December  17 , 2012

/s/ Lawrence J. O'Neill
LAWRENCE J. O'NEILL
UNITED STATES DISTRICT JUDGE